**Dismissed w.o.j. and Opinion Filed October 21, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01212-CV
No. 05-16–01213-CV

**IN RE NATHAN BURT, Relator**

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-25052 and F15-25053**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

In this original proceeding, relator asks this Court to dismiss his appointed trial counsel and appoint new trial counsel. Although section 22.221 of the Texas Government Code grants courts of appeals mandamus jurisdiction in criminal matters, an appellate court has no jurisdiction to remove appointed counsel and appoint new counsel. *See Hebert v. Honorable Judge of 208th Dist. Court of Harris Cty.*, 01-91-00052-CV, 1991 WL 22355, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 21, 1991, orig. proceeding) (not designated for publication).[1] The trial court has the exclusive responsibility for appointing counsel to represent indigent defendants, even after the appellate record has been filed. TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(c) (West. Supp. 2016); *Watson v. State*, No. 07-06-0414-CR, 2007 WL 313460,

---

[1] An appellate court may, on appropriate terms and conditions, permit an attorney to withdraw from representing a party in the appellate court. *See* TEX. R. APP. P. 6.5. That situation is not presented by this original proceeding.

1

at *1 (Tex. App.—Amarillo Feb. 2, 2007, no pet.) (per curiam).  We, therefore, lack jurisdiction to provide relator the relief requested.

Accordingly, we **DISMISS** this original proceeding for want of jurisdiction.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

161212F.P05